IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN D. STEWART,

    Plaintiff,

v.

SECRETARY EDWARD F. WALL,
JAMES GEER, KEISHA PERRENOUD, WARDEN
TIM HAINES, WARDEN MICHAEL DITTMAN,
DR. BURTON COX, JR., H.S.U. MARY MILLER,
NURSE JOLINDA WATERMAN, NURSE SHIN
YON, SGT. BRINKMAN, C.O. DUHA,
DR. SULIENE, DR. MARTIN, DR. HIENZEL,
DR. HOFFMAN, H.S.U. MANAGER KAREN
ANDERSON, H.S.U MANAGER C. WARNER,
NURSE NATALIE, NURSE TRISHA ANDERSON,
NURSE KIM CAMEBELL, NURSE MELISSA
THORNE, NURSE ROSE, NURSE ANNE,
NURSE PHIL KERNES, NURSE DAVID
SPANNGEL, SGT. NELSON, CAPTAIN CASSIANA,
SGT. STEPHENSON, SGT. MORRIS, SGT. MATTI,
SGT. JAKUSZ, C.O. PEETZ, C.O. JAMES,
C.O. GOLDSMITH, FOOD SERVICE LEADER
KANNENBERG, ASST FOOD SERVICE R. BUTT
AND UNIT MANAGER ZIEGLER,

    Defendants.

ORDER

Case No. 14-cv-665-jdp

Plaintiff Steven D. Stewart, a prisoner in the custody of the Wisconsin Department of Corrections, has submitted a proposed civil action under 42 U.S.C. § 1983. Plaintiff has filed a certified copy of an inmate trust fund account statement in support of the motion for leave to proceed without prepaying the fee. (Dkt. #2). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status.

Even when a prisoner litigant qualifies for indigent status, the prisoner litigant must pay a portion of the fee returned by the formula set forth in 28 U.S.C. § 1915(b)(1).

1

According to this formula, a prisoner litigant must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to the prisoner's account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly balance is $292.40, and 20% of the average monthly deposits made to plaintiff's account is $6.52. Because the greater of the two amounts is 20% of the average monthly balance, or $292.40, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before October 22, 2014.

If plaintiff does not have the money to make the initial partial payment in plaintiff's regular account, plaintiff will have to arrange with prison authorities to pay some or all of the assessment from plaintiff's release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of the filing fee from plaintiff's release account. The only amount plaintiff must pay at this time is the $292.40 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that,

1. Plaintiff Steven D. Stewart is assessed $292.40 as an initial partial payment of the $350.00 fee for filing this case. Plaintiff is to submit a check or money order made

payable to the clerk of court in the amount of $292.40 or advise the court in writing why plaintiff is not able to submit the assessed amount on or before October 22, 2014.

    2.    If, by October 22, 2014, plaintiff fails to make the initial partial payment or show cause for failure to do so, plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff's filing this case at a later date.

    3.    No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Entered this 2nd day of October, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge