IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

                      Plaintiff,                    OPINION & ORDER

  v.

                                                        14-cv-665-jdp

DR. BURTON COX, JR., H.S.U. MARY MILLER,
NURSE JOLINDA WATERMAN,
NURSE SHERYL KINYON, DR. DALIA SULIENE,
DR. BRAD MARTIN, DR. GLEN HEINZL,
DR. KARL HOFFMAN,
H.S.U. MANAGER KAREN ANDERSON,
NURSE NATALIE NEWMAN,
NURSE TRISHA ANDERSON,
NURSE KIM CAMPBELL, NURSE MELISSA THORNE,
NURSE ROSE DRAFAHL, ANN PETERS-ANDERSON,
NURSE PHILLIP KERCH, NURSE DAVID SPANNAGEL, and
SGT. RICHARD MATTI,

                      Defendants.[1]

---

      I screened pro se prisoner Steven Stewart's complaint on March 30, 2015. I concluded that plaintiff could proceed against some of the proposed defendants with his: (1) Eighth Amendment claim for deliberate indifference to his serious medical needs; (2) First Amendment claim for retaliation; and (3) state law medical malpractice claim. Dkt. 10. I denied plaintiff leave to proceed against other defendants, and I dismissed them from this case. *Id.* I also denied plaintiff's motion for assistance recruiting counsel and his motion for appointment of an expert witness. *Id.*

      Plaintiff has since filed three motions, all of which are now under advisement, and all of which I will address in this order. First, plaintiff has moved to amend his complaint. Dkt. 23 and Dkt. 24. I will grant this motion. Second, plaintiff has moved for sanctions against one of

---

[1] I have updated the caption to omit the defendants who have been dismissed from this case and to reflect the correct names for the defendants against whom plaintiff is proceeding.

the defendants for discovery violations. Dkt. 36. I will deny this motion. Third, plaintiff has renewed his request for assistance recruiting counsel. Dkt. 37. I will deny this motion.

BACKGROUND

The basic facts of this case have not changed since the screening order. Plaintiff is currently a prisoner at the Columbia Correctional Institution (CCI), located in Portage, Wisconsin. Most of the relevant events occurred at CCI, but some took place at the Wisconsin Secure Program Facility (WSPF), located in Boscobel, Wisconsin. Defendants are Department of Corrections staff and officers or contract employees who work at CCI or at WSPF.

Plaintiff alleges that he has received inadequate medical care for a urinary retention condition. Specifically, defendants have contravened the orders of doctors from the University of Wisconsin Hospital regarding how often plaintiff is to catheterize himself, and they have withheld pre-procedure narcotics from him. These allegations form the basis of plaintiff's Eighth Amendment claim for deliberate indifference. Plaintiff also contends that some defendants have purposefully provided poor medical care, or induced others to provide poor care, as a way of punishing plaintiff for filing inmate complaints against them. These allegations form the basis of plaintiff's First Amendment claim for retaliation. Finally, plaintiff recounts an incident where he received duplicate medication for a urinary tract infection. These allegations form the basis of plaintiff's state law medical malpractice claim.

ANALYSIS

A. Plaintiff's motion to amend

Plaintiff moves to amend his complaint "to clear up a few mistakes," Dkt. 23, which I understand to mean that he disagrees with portions of the screening order's recitation of the

2

facts of this case. But the proposed amended complaint does not introduce new defendants or state new causes of action, and plaintiff does not purport to replace any of the allegations in his initial complaint.[2] Instead, plaintiff clarifies some of his factual allegations and provides additional detail for his overall theory of the case. I therefore understand plaintiff's amended complaint to merely conform the factual allegations in this case to the claims on which I permitted him to proceed.

Because Federal Rule of Civil Procedure 15 provides that the court should freely give leave to amend a complaint when justice so requires, I will grant plaintiff's motion to amend. Although I would ordinarily require plaintiff to combine both complaints into one pleading, I will dispense with that formality in this case because of the substantial overlap in the two documents. Likewise, I will not require defendants to file new answers to plaintiff's amended complaint (but they are free to do so if they wish). As this case stands, the pleadings adequately define the scope of plaintiff's claims and defendants' responses to those claims.

## B. Plaintiff's miscellaneous motions

Plaintiff has filed two other motions, both of which I will deny. The first is for sanctions. Dkt. 36. On May 19, 2015, defendant Nurse Rose Drafahl served plaintiff with interrogatories and a request for production of documents. Dkt. 33 and Dkt. 34. But in a *Notice Regarding the Telephone Preliminary Pretrial Conference*, docketed on May 8, 2015, the court ordered that under Rule 26(d), discovery would not begin until after the pretrial conference. Drafahl's discovery

---

[2] As plaintiff acknowledges, I concluded that his allegations regarding duplicate medication stated only a state law medical malpractice claim, not an Eighth Amendment claim. Plaintiff's motion to amend does not appear to challenge that conclusion, and his new factual allegations do not state a new Eighth Amendment claim against any defendants. But at least one defendant has expressed concern that plaintiff's amended complaint presents such a claim. *See* Dkt. 31. To avoid confusion, I will expressly deny plaintiff leave to proceed on an Eighth Amendment claim against defendants for accidentally providing him with duplicate medication, for the same reasons discussed in the screening order. *See* Dkt. 10, at 8-9.

requests are therefore improper at this point, but I will not impose sanctions against her. Plaintiff has not identified any prejudice or other harm that he suffered because of the early interrogatories and request for production of documents. Without prejudice, sanctions are unnecessary. Plaintiff does not need to respond to the interrogatories or to the request for production of documents until 30 days after the preliminary pretrial conference. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2).[3] Counsel for Drafahl is reminded to carefully read all orders and notices from the court to avoid these sorts of problems in the future.

Plaintiff's second motion is a renewed request for assistance recruiting counsel. Dkt. 37. I denied plaintiff's first request for volunteer counsel in the screening order. Dkt. 10, at 12-13. I noted that:

> [i]t is too early to tell whether plaintiff's First Amendment, Eighth Amendment, and medical malpractice claims will outstrip his litigation abilities. In particular, the case has not even passed the relatively early stage in which defendants may file a motion for summary judgment based on exhaustion of administrative remedies, which often ends up in dismissal of cases such as plaintiff's before they advance deep into the discovery stage of the litigation. Should the case pass the exhaustion stage, and should plaintiff continue to believe that he is unable to litigate the suit himself, he may renew his motion.

*Id.* at 13. The status of this case has not changed; we have not progressed beyond the exhaustion stage, and it is still too early to tell whether this case will exceed plaintiff's litigation abilities. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). For this reason, I will deny plaintiff's motion for assistance recruiting counsel.

---

[3] I will treat Drafahl's discovery requests as "served" on June 13, 2015, the day after the preliminary pretrial conference.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven Stewart's motion to amend his complaint, Dkt. 23, is GRANTED. Docket entries 1 and 24, together, will be the operative pleading in this case. Defendants may, but are not required to, file amended answers to plaintiff's complaint.

2. Plaintiff is DENIED leave to proceed against defendants on his Eighth Amendment claim for inadvertently providing him with duplicate medication for a urinary tract infection.

3. Plaintiff's motion for sanctions, Dkt. 36, is DENIED.

4. Plaintiff's motion for assistance recruiting counsel, Dkt. 37, is DENIED.

Entered May 28, 2015.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge