IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEVEN D. STEWART,

                      Plaintiff,

    v.

DR. BURTON COX, JR., H.S.U. MARY MILLER,
NURSE JOLINDA WATERMAN,
NURSE SHERYL KINYON, DR. DALIA SULIENE,
DR. BRAD MARTIN, DR. GLEN HEINZL,
DR. KARL HOFFMAN,
H.S.U. MANAGER KAREN ANDERSON,
NURSE NATALIE NEWMAN,
NURSE TRISHA ANDERSON,
NURSE KIM CAMPBELL,
NURSE MELISSA THORNE,
NURSE ROSE DRAFAHL,
ANN PETERS-ANDERSON,
NURSE PHILLIP KERCH,
NURSE DAVID SPANNAGEL, and
SGT. RICHARD MATTI,

                      Defendants.

ORDER

14-cv-665-jdp

Pro se prisoner Steven Stewart has moved for an order compelling responses to two of his discovery requests: (1) a set of requests for admissions that plaintiff sent to defendant Nurse Rose Drafahl; and (2) interrogatories and document requests that plaintiff sent to defendant Kim Campbell. Dkt. 112. Plaintiff has also filed two motions for assistance recruiting counsel. Dkt. 111 and Dkt. 148. I will deny each of plaintiff's motions.

    **1. Drafahl**

Plaintiff sent defendant Drafahl two requests to admit on October 26, 2015. Dkt. 113-1. Drafahl's counsel received the requests, but he overlooked them because of a death in his immediate family. Dkt. 153, ¶ 3. Drafahl attached responses on February 18,

2016, to her opposition to plaintiff's motion to compel. Dkt. 152. But these responses are a nullity because they are untimely. Under Federal Rule of Civil Procedure 36(a)(3), a party admits a matter "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Admission is automatic for a party who fails to timely answer a request to admit. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). I will treat the matters in plaintiff's requests to admit as conclusively established for purposes of this case. Thus, his motion to compel is unnecessary.

In her responses, Drafahl states that plaintiff did not attach pertinent medical records to his requests to admit, "as required by local rule." Dkt. 152. But this court does not have a local rule requiring a party to attach the evidence that is the subject of a request to admit to that request. And even if Drafahl meant to invoke Rule 36(a)(2), that provision applies only to "[a] request to admit the genuineness of a document." Here, plaintiff's requests asked Drafahl to admit that she: (1) had written a specific progress note in August 2013; and (2) failed to contact a doctor in August 2013. Dkt. 113-1. Neither of these requests asked Drafahl to admit that a document was genuine.

Plaintiff also appears to seek sanctions against Drafahl for her failure to answer his requests to admit. *See* Dkt. 112. But Rule 36 provides the appropriate sanction: plaintiff's unanswered (or, now, untimely answered) requests to admit are now deemed admitted.

### 2.  Campbell

Plaintiff sent interrogatories and requests for production of documents to defendant Campbell's counsel, who is an attorney in the Wisconsin Department of Justice. Dkt. 113-2. Counsel timely *prepared* responses. But due to a clerical error, the Department of Justice sent

plaintiff responses to another inmate's discovery requests (the other inmate received responses to plaintiff's discovery requests). Counsel did not learn about the clerical error until plaintiff filed his motion to compel on February 1, 2016. On February 4, counsel sent plaintiff the correct responses.

Although the mix-up is unfortunate, it is not sanctionable.[1] Under Rule 37(a)(5)(A), I cannot award fees or other expenses because plaintiff has not certified that he conferred with opposing counsel to correct the problem without court involvement. And plaintiff has had the proper responses since shortly after February 4, so it is unlikely that he has suffered substantial prejudice.

### 3. Assistance recruiting counsel

So far, plaintiff has demonstrated that he is capable of litigating this case without counsel. He has filed and responded to motions relating to discovery disputes, and he has successfully defeated two motions for summary judgment on exhaustion grounds. Plaintiff's submissions have been coherent and on-point with the relevant legal issues. Moreover, this case essentially appears to involve factual disputes (over the timing of medical orders for catheterization supplies and medication) rather than complicated legal issues. At this point, I will deny plaintiff's motions for assistance recruiting counsel. This denial is without prejudice to plaintiff renewing his request if this case proceeds past defendants' pending motions for summary judgment.

---

[1] This is the second time in this case that counsel for the state defendants has pleaded careless error in connection to a motion to compel. *See* Dkt. 104. And the delay in properly responding to plaintiff's interrogatories was the result of not one, but two clerical errors (the first being insufficient postage). I will no longer accept clerical error as a defense to an otherwise well-grounded motion to compel in this case. And I will regard that excuse with skepticism if it is offered in any inmate case.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven Stewart's motion to compel, Dkt. 112, is DENIED.

2. Plaintiff's renewed motion for assistance in recruiting counsel, Dkt. 111, and motion for reconsideration of assistance in recruiting counsel, Dkt. 148, are both DENIED, without prejudice.

Entered February 26, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge