IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

                        Plaintiff,

    v.

DR. BURTON COX, JR., H.S.U. MARY MILLER,
NURSE JOLINDA WATERMAN,
NURSE SHERYL KINYON, DR. DALIA SULIENE,
DR. BRAD MARTIN, DR. KARL HOFFMAN,
H.S.U. MANAGER KAREN ANDERSON,                      ORDER
NURSE NATALIE NEWMAN,
NURSE TRISHA ANDERSON,                                      14-cv-665-jdp
NURSE KIM CAMPBELL,
NURSE MELISSA THORNE,
NURSE ROSE DRAFAHL,
ANN PETERS-ANDERSON,
NURSE PHILLIP KERCH,
NURSE DAVID SPANNAGEL, and
SGT. RICHARD MATTI,

                        Defendants.

---

Pro se prisoner Steven Stewart is proceeding against defendants with Eighth Amendment claims for inadequate medical treatment, First Amendment claims for retaliation, and state law claims for medical malpractice. Except for defendant Rose Drafahl, all defendants have moved for summary judgment and their motions are now under advisement. But the parties have four other matters that require attention.

First, the defendants who are represented by the Wisconsin Department of Justice have moved to substitute their proposed findings of fact. Dkt. 189. They indicate that "[d]ue to a clerical error, the version of Defendants' Proposed Findings of Fact (DPFOF) that was filed with the Court was a prior non-finalized draft that had questions or incomplete statements instead of complete findings of fact." *Id.* ¶ 2. These defendants seek leave to file

the finalized version of their proposed findings of fact. They contend that they served plaintiff with the finalized version and there will be no prejudice to plaintiff if I grant their motion. Because plaintiff does not dispute this point, I will grant defendants' motion. Defendants should file the finalized version of their proposed findings of fact as a separate docket entry.

This is the third time that the DOJ has pleaded careless or clerical error in this case. I have already cautioned the DOJ that I would not accept such excuses as defenses to otherwise well-grounded discovery motions. Dkt. 154, at 3 n.1. Defendants' current motion does not arise in the context of discovery, and plaintiff will not suffer any prejudice if I allow defendants to replace their proposed findings of fact with the correct version. Still, the DOJ's careless mistakes have persisted despite my warnings. The next time that the DOJ raises careless or clerical error to justify its actions in this case (or the next time that I find careless or clerical error in this case), I will impose an appropriate sanction, even if I ultimately accept the justification or overlook the error.

The second matter is defendant Drafahl's motion to compel discovery and extend her deadline for moving for summary judgment. Dkt. 190. According to Drafahl, plaintiff never responded to discovery requests that she served in May 2015. Drafahl violated this court's procedures for pro se prisoner cases by serving these requests before the preliminary pretrial conference, so I extended plaintiff's deadline to respond to them. Dkt. 39, at 3-4. Drafahl reminded plaintiff of the extended deadline in June 2015, but plaintiff never responded. But then Drafahl let the matter languish. Drafahl finally asked plaintiff for the missing discovery in March 2016, and plaintiff still did not respond. Drafahl moved to compel plaintiff's responses on April 12, 2016, and she also asked me to extend her deadline for filing a motion

for summary judgment. The next day, the court received plaintiff's responses to Drafahl's discovery requests (they were dated April 3, 2016). Dkt. 194. Because it appears that Drafahl now has the discovery that she requested, I will deny her motion to compel.

This leaves Drafahl's request for more time in which to move for summary judgment. Dispositive motions were due on February 2, 2016, and all defendants besides Drafahl moved for summary judgment. *See* Dkt. 119 and Dkt. 124. The parties finished briefing these motions on March 25, 2016. Drafahl has not offered any excuse for letting plaintiff's missing discovery responses sit for *eight months* before seeking relief, nor has she explained why she did not request additional time to move for summary judgment *before* the deadline for dispositive motions, or at least before the parties finished briefing them. Drafahl should have addressed these issues much earlier in the case.

Plaintiff opposes extending Drafahl's deadline for filing a motion for summary judgment, contending that it will prejudice his case. Dkt. 195. But the "prejudice" that plaintiff identifies is really just that he does not want to give up the advantageous position that he has over Drafahl.[1] I would likely deny Drafahl's motion if it indeed caused plaintiff prejudice. But it does not. The purpose of summary judgment is to determine whether the parties have disputes of fact that a jury must resolve. It would be a waste of time to present plaintiff's claims against Drafahl to a jury if there are no material factual disputes. I will therefore extend Drafahl's deadline for filing a motion for summary judgment. But I will give her a very short briefing schedule to avoid delaying this case any further—which *would* cause

---

[1] Plaintiff's response to Drafahl's motion asks me to enter default judgment against Drafahl. Dkt. 195. A default judgment is not appropriate in this case because Drafahl has appeared and is defending herself. Contrary to plaintiff's assumption, he does not automatically win his case simply because Drafahl did not timely move for summary judgment.

plaintiff prejudice. Drafahl may have until April 29, 2016, to move for summary judgment. Plaintiff may have until May 30, 2016, to file a response, and Drafahl may have until June 3, 2016, to file a reply.

The third matter is plaintiff's motion to compel, which relates to the state defendants' responses to plaintiff's request for production of documents. Plaintiff sought: (1) the personnel files for each defendant; (2) "all evidence pertaining to expert witnesses who may be call[ed] for trial, Evidence under Rule 702, 703, 704, 705"; and (3) all prescribers' orders and medical records.[2] Dkt. 193-1, at 1-2. Defendants objected to each request. They responded that plaintiff's request for personnel records was overly broad and not likely to lead to the discovery of relevant evidence, although they affirmatively indicated that defendants had not been disciplined for their conduct in plaintiff's case or for treatment of other inmates. As for expert witnesses, defendants stated that they would disclose their expert witness materials in accordance with the court's pretrial conference order. Defendants also indicated that plaintiff could contact health services to inspect and copy his medical records, or he could refer to an exhibit attached to defendants' motion for summary judgment.

Defendants' responses were proper, and I will deny plaintiff's motion to compel. But I will expand on one point. In an earlier order relating to discovery, I explained that plaintiff could not object to requests for documents on the grounds that they were available elsewhere. Dkt. 107, at 11-13. The request at issue was a now-dismissed defendant's request for the medical records that plaintiff contended supported his claims. I explained that defendants

---

[2] Plaintiff also included in his request the following statement: "This case my constitutional rights are being denied and trampled upon by C.C.I.'s R. Pafford who has lied in the record and she has refuse to give discovery. Keep in mind this effects [sic] summary judgment." Dkt. 193-1, at 2. Defendants properly objected to this statement because it was not in the form of a discovery request. *Id.*

4

were entitled to have plaintiff identify the specific documents that he intended to use to support his claims against them, and so plaintiff could not simply state that defendants already had access to the documents that they had requested. *Id.* at 13. Plaintiff now asks me to apply the same rule to his request for his medical records. But this situation is different. Plaintiff is not asking defendants to identify specific documents that they will use; he is just requesting a copy of his medical records. Defendants have adequately responded to this request by explaining how plaintiff can obtain copies of these records.

The fourth and final matter addressed here is plaintiff's renewed request for counsel. I have already denied several such requests in this case, *see, e.g.*, Dkt. 73 and Dkt. 106, and I will do so again because nothing has changed since plaintiff's last request. In my most recent order on the issue of recruiting counsel, I explained that plaintiff has competently litigated this case so far, overcoming motions for summary judgment on exhaustion grounds and adequately navigating the discovery process by filing (and responding to) motions to compel. Dkt. 154, at 3. I also explained that this case essentially involves factual disputes, which plaintiff is capable of addressing. *Id.* Finally, I concluded that I would deny plaintiff's request for counsel without prejudice to him renewing his request if the case proceeded past defendants' motions for summary judgment. *Id.* The status of the case has not changed since my earlier order. Plaintiff's request for assistance recruiting counsel is denied. Until this case advances past summary judgment, I will summarily deny any future request from plaintiff for assistance recruiting counsel.

ORDER

IT IS ORDERED that:

1. The state defendants' motion to substitute their proposed findings of fact, Dkt. 189, is GRANTED. Defendants should file the final version of their proposed findings of fact as a separate docket entry.

2. Defendant Rose Drafahl's motion to compel discovery and extend deadline for filing summary judgment motions, Dkt. 190, is GRANTED in part and DENIED in part, as explained in this order. Defendant may have until April 29, 2016, to move for summary judgment. Plaintiff Steven Stewart may have until May 30, 2016, to respond, and defendant may have until June 3, 2016, to reply.

3. Plaintiff's motion to compel and renewed motion for reconsideration of assistance recruiting counsel, Dkt. 193, is DENIED.

Entered April 19, 2016.

                BY THE COURT:
                /s/

                _____
                JAMES D. PETERSON
                District Judge