IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

                Plaintiff,

    v.

DR. BURTON COX, JR., H.S.U. MARY MILLER,
NURSE JOLINDA WATERMAN,
NURSE SHERYL KINYON, DR. DALIA SULIENE,
DR. BRAD MARTIN, DR. KARL HOFFMAN,
H.S.U. MANAGER KAREN ANDERSON,                      ORDER
NURSE NATALIE NEWMAN,
NURSE TRISHA ANDERSON,                                    14-cv-665-jdp
NURSE KIM CAMPBELL,
NURSE MELISSA THORNE,
NURSE ROSE DRAFAHL,
ANN PETERS-ANDERSON,
NURSE PHILLIP KERCH,
NURSE DAVID SPANNAGEL, and
SGT. RICHARD MATTI,

                Defendants.

---

Pro se prisoner Steven Stewart is proceeding against defendants with Eighth Amendment claims for inadequate medical treatment, First Amendment claims for retaliation, and state law claims for medical malpractice. Plaintiff and defendant Nurse Drafahl are currently briefing Drafahl's motion for summary judgment—filed late, with my permission. Dkt. 198.

Plaintiff has filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, contending that Drafahl has materially misrepresented evidence to the court. Dkt. 204. Specifically, plaintiff takes issue with a proposed finding of fact that Drafahl submitted in support of her motion for summary judgment. The proposed finding states: "Steven Stewart has a neurogenic bladder that requires him to use an indwelling Foley Catheter to drain his

urine (Docket No. 78, Response No. 4 of Defendant, Glenn Heinzl, M.D. to Plaintiff's Deposition Upon Written Questions)." Dkt. 203, ¶ 5. According to plaintiff, the underlying evidence for this proposed fact—a now-dismissed defendant's response to a deposition question—does not support the proposed fact. The relevant question and response were:

> QUESTION NO. 4: In your Progress Notes, the first thing you wrote was neurogenic bladder on 12-6-2013. You being an M.D. what is a neurogenic bladder?
>
> RESPONSE NO. 4: A neurogenic bladder is a medical condition in which a person has difficulty or inability to empty the urinary bladder due to an underlying neurologic cause. In Mr. Stewart's case, Mr. Stewart carried a pre-existing diagnosis of neurogenic bladder.

Dkt. 78, at 2.

I agree with plaintiff that the cited evidence does not directly support every factual assertion in Drafahl's proposed finding. Although the cited evidence confirms that plaintiff has a neurogenic bladder, it does not explicitly confirm that the condition requires plaintiff to use an indwelling Foley catheter. But this is a minor discrepancy and there is no evidence that Drafahl has deliberately misled the court. I will deny plaintiff's motion for sanctions for two reasons.

First, plaintiff has not demonstrated that he complied with Rule 11 before seeking sanctions. Under Rule 11(c)(2), plaintiff first needed to serve Drafahl with his motion for sanctions and give her 21 days to correct the allegedly improper filing. If Drafahl did not withdraw or correct the challenged document, *then* plaintiff could file a motion for sanctions with the court. Even if plaintiff served Drafahl with his motion for sanctions on the day that she filed her proposed findings of fact—April 29, 2016—21 days would not have elapsed until May 20, 2016. Yet plaintiff filed his motion for sanctions with the court on May 16,

2016. I conclude that plaintiff has not complied with Rule 11 in seeking sanctions, which is reason enough to deny his motion.

Second, even if plaintiff had complied with Rule 11 in seeking sanctions, I would not grant his motion. Plaintiff is quibbling with one of Drafahl's proposed findings of fact. But "[t]he proper response to allegedly untruthful or inaccurate proposed findings of fact is to produce evidence to refute the proposals, not to seek sanctions." *Lindell v. Schneiter*, 531 F. Supp. 2d 1005, 1019 (W.D. Wis. 2008). If plaintiff contends that Drafahl's underlying evidence does not support her proposed finding of fact, then he can dispute the proposed finding on this ground. Moreover, "the purpose of Rule 11 is to deter baseless filings in the district court." *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013). Drafahl's proposed finding of fact may not perfectly align with the cited evidence, but it is not "baseless." Thus, even if I were to consider the merits of plaintiff's motion, I would still deny it.

ORDER

IT IS ORDERED that plaintiff Steven Stewart's motion for sanctions, Dkt. 204, is DENIED.

Entered June 2, 2016.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge